IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOANNE GROVES, SANDRA GREEN, and JEFFREY GREEN,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>CITY OF GRAFTON,<br><br>　　Defendant.<br><br>CITY OF GRAFTON,<br><br>　　Third Party Plaintiff,<br><br>　　v.<br><br>MARTHA WRIGHT LIVING TRUST and DAVID ROTH,<br><br>　　Third Party Defendants. | Case No. 3:16-cv-01362-NJR-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court to resolve multiple discovery disputes that have arisen between Plaintiffs and Defendant. On May 5, 2017, Plaintiffs filed a Motion Regarding the Sufficiency of Defendant's Amended Answer to Plaintiffs' First Request to Admit to Defendant, City of Grafton. (Doc. 34). Plaintiffs assert in the motion that Defendant City of Grafton provided inadequate responses to Plaintiffs' requests to admit No. 5, 6, 13, 14, and 18. Defendant City of Grafton responded to Plaintiffs' motion (Doc. 39), stating that it stood by its responses. On May 31, 2017, the undersigned held a discovery dispute telephone conference. Plaintiffs informed the Court that the dispute arising out of the requests to admit would likely be

1

resolved in the course of upcoming depositions, and the Court deferred ruling on Plaintiffs' motion.

The parties were unable to resolve the dispute on their own, and the Court held a follow-up discovery dispute conference on August 17, 2017. During the discovery dispute conference, Plaintiffs stated that court intervention is no longer necessary as to Request to Admit No. 5. However Requests to Admit No. 6, 13, 14, and 18 are still in dispute. Plaintiffs and Defendants also informed the Court that a new dispute had arisen in regards to the deposition of Cas Sheppard, former City of Grafton contract engineer. Each of these disputes will be addressed in turn.

**I.    Requests to Admit**

Plaintiffs' Request to Admit No. 6 states:

> Admit the authenticity and genuineness of Plaintiff's [sic] Exhibit K (attached herein), consisting of an email exchange between Plaintiffs and Mayor of City of Grafton dated April 4, 2015, April 20, 2015, June 8, 2015, and Defendant's reply of June 8, 2015 (respectively).

(Doc. 34, p. 16). Defendant City of Grafton's amended response states: "Defendant denies the allegations contained in paragraph 6." In written correspondence between counsel for Plaintiffs and Defendant, Defendant admitted that an email exchange did occur. However Defendant asserts that the copies of the emails provided by Plaintiffs are not accurate copies of the emails. It is not exactly clear how the copies maintained by Plaintiffs and Defendant differ, but at the discovery dispute conference Defendant indicated that Plaintiffs' copies contain additional text not present in Defendant's copies.

Assuming that there are differences between the Plaintiffs' copies of the emails and Defendant's copies of the emails, Defendant's denial of Plaintiffs' Request to Admit No. 6 is a proper response. Nevertheless, it is odd that there would be differences between copies of a

digital document.  In order to expeditiously resolve this issue, Defendant is ordered to provide *its copy* of the emails at issue to Plaintiffs within the next 14 days.  Plaintiffs and Defendant should then be able to identify and resolve any discrepancies.

Next, Plaintiffs assert that Defendant's responses to Requests to Admit 13, 14, and 18 are inadequate.  The Requests to Admit and Defendant's amended responses are as follows.

> 13.  Admit Defendant, City of Grafton, installed said posts with the intention that Defendant would monitor said posts beginning April 17, 2018.
>
> RESPONSE: Defendant admits that, pursuant to the recommendations of the engineers, it installed approximately ten fence posts as part of its work with the Illinois Department of Transportation to reopen Illinois Route 100.  Defendant further admits that there is no evidence of any movement in said posts between the time of their installation until the time of the mudslide in 2015.  Defendant specifically denies that it agreed to or was obligated to monitor the posts indefinitely.
>
> 14.  Admit Defendant volunteered to monitor the posts daily and more frequently during periods of heavy rainfall as early as April 17, 2008.
>
> RESPONSE: Defendant admits that, pursuant to the recommendations of the engineers, it installed approximately ten fence posts as part of its work with the Illinois Department of Transportation to reopen Illinois Route 100.  Defendant further admits that there is no evidence of any movement in said posts between the time of their installation until the time of the mudslide in 2015.  Defendant specifically denies that it agreed to or was obligated to monitor the posts indefinitely.
>
> 18.  Admit Defendant asserted on April 17, 2008 that the posts would be monitored daily and more frequently during periods of heavy rainfall.
>
> RESPONSE: Defendant admits that, pursuant to the recommendations of the engineers, it installed approximately ten fence posts as part of its work with the Illinois Department of Transportation to reopen Illinois Route 100.  Defendant further admits that there is no evidence of any movement in said posts between the time of their installation until the time of the mudslide in 2015.  Defendant specifically denies that it agreed to or was obligated to monitor the posts indefinitely.

(Doc. 34, pp. 17-19).  Plaintiffs argue that these three requests to admit should be deemed admitted because Defendant did not provide adequate responses.  Defendant argues that its responses fairly meet the substance of the requests.

Rule 36 requests to admit are to be simple and direct. *Robinson v. Stanley*, 2009 WL 3233909, at *2 (N.D. Ill. Oct. 8, 2009). They should be drafted in such a way that they "can be admitted or denied without explanation." *Id*. (*quoting United Coal Co. v. Powell Construction Co.*, 839 F.2d 958, 968 (3d Cir.1988)). Here, Plaintiffs' requests to admit are not quite a model of specificity. Plaintiffs could have drafted their requests to admit in a more focused manner by adding a temporal limit to the statement. Additionally, the requests to admit could have also been more specific as to what Defendant's obligations may have been with respect to the posts placed on the property. Due to the fact that the requests to admit are somewhat vague and open ended, Defendant's responses will not be deemed admitted nor will Defendant be ordered to amend its responses. In sum, Plaintiffs' Requests to admit No. 13, 14, and 18 pertain to fact intensive issues that would be better addressed through other forms of discovery, such as interrogatories or a Rule 30(b)(6) deposition.

## II. The Deposition

During the August 17, 2017 discovery dispute conference Plaintiffs informed the Court that a new discovery dispute had developed. At some point in time, Defendant City of Grafton had contracted with Cas Sheppard to work as a city engineer and he served in that capacity during a period of time relevant to this lawsuit. He is no longer retained by the city. Plaintiffs would now like to depose Sheppard as a fact witness. However, Defendant City of Grafton has also retained Cas Sheppard as an expert witness for this case. Plaintiffs would like to depose Sheppard in his fact witness capacity, but Defendant asserts that this would give Plaintiffs an unfair advantage because the deposition would touch on areas pertaining to his expert testimony. The Scheduling Order (Doc. 46) in this case states that Plaintiffs' expert disclosures and reports shall be provided no later than July 1, 2017; Plaintiffs' experts shall then be deposed by August

15, 2017; Defendant's expert disclosures and report shall be provided no later than September 15, 2017; and Defendant's experts shall be deposed no later than October 31, 2017.

The fact that Cas Sheppard is both a fact witness and an expert witness does present some scheduling difficulties, but it was Defendant's decision to retain Sheppard as an expert. Because Sheppard was contracted to work for the Defendant, there does not appear to be any dispute that he has personal knowledge of the facts that give rise to this case, outside of any knowledge obtained in preparation for trial. Plaintiffs shall therefore be entitled to depose Sheppard prior to the designated time in the expert witness deposition schedule. Plaintiffs should not be forced to delay their "fact" deposition because Sheppard was also retained by Defendant as an expert. When the scenario arises where a witness will be serving as both a fact and expert witness, one leading treatise noted:

> [A]s to witnesses to whom the [expert] report requirement applies, the deposition should not be taken until the report has been provided. If that person was also an "actor" or "viewer" whose deposition could be taken with respect to material not developed in anticipation of litigation, it is to be hoped that this requirement will be relaxed in appropriate cases to allow a deposition earlier as to such "fact witness" information.

8A Wright & Miller, Federal Practice and Procedure § 2031.1 Expert Witnesses (3d ed.). Cas Sheppard shall therefore make himself available to be deposed by Plaintiffs in his capacity as a fact witness. Plaintiffs are instructed to avoid deposition questions that would elicit "opinion" testimony, although the Court is cognizant of the fact that this may be difficult to accomplish.

**IT IS SO ORDERED.**
**DATED:  August 18, 2017.**

*s/Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**